IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY LEE DICKERSON, ) | |
| No. M35352, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00498-JPG |
| ) | |
| CHINA, ) | |
| JAPAN, ) | |
| UNITED STATES OF AMERICA, ) | |
| ILLINOIS GOVERNOR PAT QUINN, ) | |
| WASHINGTON GOVERNOR'S OFFICE, ) | |
| and WASHINGTON MAYOR ) | |
| MIKE MCGINN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Bobby Lee Dickerson, Jr., is currently incarcerated at Vienna Correctional Center. Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Plaintiff is suing China, Japan, the United States of America, the Governor of Illinois, Pat Quinn, the Governor's Office for the State of Washington, and Seattle, Washington Mayor Mike McGinn[1] for: violating Plaintiff's right to due process under the Fourteenth Amendment; contributory negligence; torts, including brainwashing; criminal malfeasance; treason; gross negligence; retaliatory conspiracies against mankind; corruption against humanity; and violating Plaintiff's First Amendment right to education and freedom of speech and religion (Doc. 1, pp. 1, 5). Plaintiff seeks $100 octillion in

---

[1] Plaintiff may have intended to sue a myriad of entities not formally identified as defendants, such as all news channels, all banks, all Rockefellers, Illuminati, Black Nobility; and the Skull and Bones Society, to name a few.

compensatory damages, declaratory relief, protection for life by "Navy Seal Black Opps Special Forces/Secret Service," and for street corners to be named after him (Doc. 1, p. 6).

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Because Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case (Doc. 2; *see also* Doc. 5) the "three strikes" rule (28 U.S.C. § 1915(g)) presents an additional hurdle that Dickerson must clear. Not only has Plaintiff failed to satisfy Section 1915(g), he has committed a fraud upon this Court in the process. In addition, the complaint does not satisfy minimum pleading requirements and is clearly nonsensical, fantastic and frivolous. There are also jurisdictional problems relative to certain defendants and claims. In the end, the Court finds that dismissal of the complaint with prejudice is warranted.

### 1. Pauper Status and the "Three Strikes" Rule

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of

the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). *See also In re Tyler,* 110 F.3d 528, 529-30 (8th Cir.1997).

In this case, Plaintiff has tendered an affidavit of indigence and trust fund statement that, upon initial inspection, are sufficient as to form and which indicate he is indigent. However, this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Dickerson has already had three other cases dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Dickerson v. Satterburg*, No. 09-cv-1279-RSM (W.D. Wash. Oct. 22, 2009);

*Dickerson v. Bals*, No. 09-cv-1419-JCC (W.D. Wash. Jan. 14, 2010); *Dickerson v. RJC King County Jail*, 09-cv- 1508-JCC (W.D. Wash. Jan. 14, 2010).

Dickerson failed to disclose his full litigation history. He referenced only one of two civil cases filed in the Central District of Illinois, and he made no mention of his extremely lengthy litigation history in the Western District of Washington (which includes the three cases cited as strikes). A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed IFP, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court). Dismissal with prejudice is appropriate where, as in the present situation, the complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal (*see* Doc. 1, p. 3). *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011). Although dismissal with prejudice is appropriate in this situation as a sanction, the Court's analysis will continue.

Because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)). There also must be an adequate

nexus, "fairly traceable" between imminent harm and the legal claims. *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009). The complaint does not provide any inkling that Plaintiff is in imminent danger of serious physical harm. Plaintiff's claim of brainwashing is ridiculous and does not suffice.

For the reasons stated, Plaintiff's motion for pauper status (Doc. 2) shall be denied. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

### 2. The Adequacy of the Complaint

Preliminary review of the complaint is dictated under 28 U.S.C. § 1915A, which states:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is usually obligated to accept

factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Relevant to this situation, the Court need not accept as true fantastic, unrealistic or nonsensical allegations. *Atkins v. City of Chicago,* 631 F.3d 823, 831-32 (7th Cir. 2011).

The single run-on sentence that forms the complaint offers no more than legal conclusions and catchphrases, which are generally nonsensical, but clearly fantastic and unrealistic (*see* Doc. 1, p. 5). The *Twombly* standard has not been met and these defects cannot be cured by amendment.

It further appears that, based upon the complaint, this Court lacks jurisdiction over Defendants China and Japan. In *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434-35 (1989), the Supreme Court held that the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. § 1330 *et seq.*, is the "sole basis for obtaining jurisdiction over a foreign state" in the United States' courts, and subject-matter jurisdiction is dependent upon one of the FSIA exceptions to foreign sovereign immunity. *See also Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 (1983).

With respect to the State of Washington and relative to the official capacity claims against the Governor of Illinois, Pat Quinn, and the Governor's Office for the State of Washington, states and their agencies are not "persons" subject to suit under 42 U.S.C. § 1983. Furthermore, the other cited basis for subject-matter jurisdiction, the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, is wholly inapplicable to those defendants because they are not part of the federal government. *See* 28 U.S.C. § 2679(b)(1). It also appears that the Eleventh Amendment

would further whittle away at potential claims, but the Court need not offer further bases for dismissal.

For the reasons stated, the complaint and this action shall be dismissed with prejudice for failure to state a claim and as a sanction. Dismissal shall count as a "strike" under 28 U.S.C. § 1915(g), as the claims are frivolous.

### 3.  Disposition

**IT IS HEREBY ORDERED** that Plaintiff Dickerson's Motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**; the filing fee of $400.00 is immediately due. Consistent with *Newlin v. Helman,* 123 F.3d 429 434 (7th Cir. 1997), the Court will issue a separate order regarding securing payment from Plaintiff's prison trust fund account.

**IT IS FURTHER ORDERED** that for the reasons stated, the complaint is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 20, 2013**

s/J. Phil Gilbert  
**UNITED STATES DISTRICT JUDGE**
